**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miriam Mendiola-Martinez,<br><br>Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio, Maricopa County Sheriff, et al.,<br><br>Defendants. | No. CV11-2512 PHX DGC<br><br>**ORDER** |

Defendant Maricopa County Board of Supervisors ("Board") has filed a motion to dismiss. Doc. 22. Plaintiff has filed a response, and the Board has filed a reply. Docs. 23, 24. No party has requested oral argument. For the reasons that follow, the Court will grant the motion.

**I.      Non-Jural Entity.**

The Board claims that it is a non-jural entity not subject to suit. In addressing this argument, neither the Board nor Plaintiff mentions the numerous cases from this Court holding that the Board is a jural entity subject to suit. *See, e.g., Barrett v. Maricopa County Sheriff's Office*, No. CV 08-2095, 2010 WL 46786 (D. Ariz. Jan. 4, 2010); *Fabricius v. Maricopa County*, No. CV 06-1105, 2008 WL 2001264 (D. Ariz. May 7, 2008); *Morgal v. Arpaio*, No. CV07-670, 2007 WL 4200760 (D. Ariz. Nov. 27, 2007); *Thomas v. Maricopa County Board of Supervisors*, No. CV 07-0258, 2007 WL 2995634 (D. Ariz. Oct. 12, 2007). For reasons stated in these cases, the Court rejects the Board's argument that it is a non-jural entity.

## II. Sufficiency of the Pleadings.

Plaintiff's only allegation against the Board is that it is the chief executive officer of Maricopa County. Plaintiff pleads no factual basis for the Board's liability in this case. In responding to this argument, Plaintiff cites several times to *Conley v. Gibson*, 355 U.S. 41 (1957), but that case was abrogated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007).

Under current pleading standards, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. Plaintiff provides no such facts regarding the Board's liability-creating activities in her complaint. Indeed, one cannot determine from reading Plaintiff's complaint precisely what she contends the Board did to contribute to her alleged injury. Plaintiff therefore has failed to state a claim upon which relief can be granted.

## III. Service on the Board.

The Court concludes that Plaintiff must serve each Board member with a copy of the complaint and summons. *See Falcon v. Maricopa County*, 144 P.3d 1254, 1257-60 (Ariz. 2006). The Arizona Supreme Court held in *Falcon* that serving one member of the Board does not constitute proper service. The clear implication of this holding is that all members of the Board must be served.

**IT IS ORDERED** that Defendant Maricopa County Board of Supervisors' motion to dismiss (Doc. 22) is **granted**.

Dated this 19th day of November, 2012.

_____
David G. Campbell
United States District Judge